UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYIRRAINCE LAVELL DANIELS,

               Petitioner,           Case Number 2:22-CV-11868
                                            HON. GEORGE CARAM STEEH
      v.                         UNITED STATES DISTRICT JUDGE

JOHN CHRISTIANSEN,

               Respondent.

_____/

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Tyirraince Lavell Daniels, ("Petitioner"), incarcerated at the St. Louis Correctional Facility in St. Louis, filed a *pro se* habeas corpus petition challenging his conviction for second-degree murder, Mich. Comp. Laws § 750.317, intentionally discharging a weapon from a vehicle causing death, Mich. Comp. Laws § 750.234a(1)(d), felon in possession of a firearm, Mich. Comp. Laws § 750.224f, carrying a concealed weapon, Mich. Comp. Laws § 750.227, three counts of posssession of a firearm during the commission of a felony (felony firearm), Mich. Comp. Laws § 750.227b, and being a fourth felony habitual offender, Mich. Comp. Laws § 769.12 .

- 1 -

For the reasons stated below, the petition for a writ of habeas corpus is DENIED.

## I. Background

Petitioner was convicted following a jury trial in the Saginaw County Circuit Court.  This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See e.g. Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> This case arises from a fatal shooting. The victim was shot in the head through his vehicle's windshield while his car was disabled from a flat tire. Defendant's girlfriend, who was also the mother of the victim's child, was a passenger in defendant's truck. She testified that she saw the victim driving toward them and defendant stated, "I'm tired of him playing with me," and then defendant fired three shots into the victim's vehicle. She further testified that defendant then waved the gun at her and told her that he would kill her if she told anybody what had happened.
>
> At trial, defendant testified that in the year leading up to the shooting the victim had threatened to kill him, and when he saw that the victim was the driver of the disabled vehicle, he believed that the victim was trying to run him off the road. Defendant testified that he feared that his life and his girlfriend's life were in danger, and that he reached his arm out of the window and shot at the victim three times.
>
> *People v. Daniels*, No. 343919, 2020 WL 969143, at * 1 (Mich. Ct. App. Feb. 27, 2020); *lv. den.* 507 Mich. 999, 960 N.W.2d 683 (2021).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Defendant's Sixth Amendment rights were violated by defense counsel not requesting an instruction on voluntary manslaughter. The counsel's performance could not be considered sound trial strategy, and his performance was so prejudicial it resulted in a denial of Defendant's Sixth Amendment rights.

II. Defendant's due process rights were violated by the court heavily relying on acquitted conduct when determining an appropriate sentence for him.

III. Defendant is entitled to a new trial where the trial court erroneously and prematurely gave the jury an instruction of self-defense which admitted his involvement, prevented him from being able to successfully assert a defense of non-involvement and forced Defendant to testify in conformity with the defense the trial court selected. Depriving Defendant of his constitutional rights to due process and a fair trial.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA), imposes the following standard of

review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

- 3 -

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. Discussion

### A. Claim # 1.  The ineffective assistance of counsel claim.

Petitioner argues in his first claim that trial counsel was ineffective for failing to request the judge to instruct the jurors on the lesser included offense of voluntary manslaughter, under a theory that petitioner shot the victim while in the heat of passion.

- 4 -

To prevail on his ineffective assistance of counsel claim, petitioner must show that the state court's conclusion regarding his claim was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

The Michigan Court of Appeals rejected petitioner's claim:

Defense counsel acted with reasonable trial strategy by not requesting the voluntary manslaughter instruction. Defendant's own testimony reflected that he did not act out of passion or loss of control, but out of fear for his safety. During closing argument, defense counsel vigorously argued that defendant acted out of an objectively reasonable fear for his life. In light of defendant's self-defense testimony and defense counsel's closing argument, it is clear that counsel did not intend to introduce other mitigating factors. Defense counsel may have believed that requesting an instruction on manslaughter would have undermined defendant's self-defense theory and confused the jury. It is well established that "[t]his Court will not substitute its judgment for that of defense counsel ...." Therefore, defense counsel's failure to request the manslaughter instruction was not objectively unreasonable given the existence of a legitimate strategy.

Moreover, defendant cannot show that he suffered any prejudice as a result of defense counsel's decision. In order to establish prejudice, the defendant must prove that the unprofessional error was outcome-determinative. Because the

- 5 -

jury determined that defendant acted with malice rather than in self-defense, it is unlikely that the jury would have concluded that defendant acted out of passion rather than malice if it had received the manslaughter instruction.

*People v. Daniels*, 2020 WL 969143, at * 2–3 (internal citations and quotation omitted).

The Michigan Court of Appeals' decision was reasonable, precluding relief.

First, as an initial matter, the United States Supreme Court has declined to determine whether the Due Process Clause requires that a state trial court instruct a jury on a lesser included offense in a non-capital case. *See Adams v. Smith,* 280 F. Supp. 2d 704, 717 (E.D. Mich. 2003)(citing to *Beck v. Alabama,* 447 U.S. 625, 638, n. 4 (1980)).  Thus, a state trial court's failure to give the jury an instruction on a lesser included offense in a non-capital case is not contrary to, or an unreasonable application of, clearly established federal law as required for federal habeas relief. *Id.  Beck* has been interpreted by the Sixth Circuit to mean that "the [federal] Constitution does not require a lesser-included offense instruction in non-capital cases." *Campbell v. Coyle,* 260 F. 3d 531, 541 (6th Cir. 2001).  Because there is no clearly established Supreme Court caselaw entitling petitioner to an instruction on lesser included offenses in a non-capital case, the Michigan Court of Appeals' rejection of his claim that

- 6 -

counsel was ineffective for failing to request such an instruction would not entitle petitioner to habeas relief. *See Parker v. Burt*, 595 F. App'x. 595, 605 (6th Cir. 2015).

Secondly, a failure to request charges on all possible lesser included offenses may be proper trial strategy. *See Tinsley v. Million,* 399 F. 3d 796, 808 (6th Cir. 2005). Counsel's decision to pursue an "all or nothing" defense in the hopes of obtaining a complete acquittal on the charges is a reasonable defense strategy that defeats petitioner's ineffective assistance of counsel claim. *See Kelly v. Lazaroff*, 846 F.3d 819, 830 (6th Cir. 2017). Trial counsel's decision not to seek an instruction on voluntary manslaughter was also consistent with the petitioner's asserted claim of self-defense. Trial counsel may have reasonably decided not to argue inconsistent theories of defense and to seek an outright acquittal on a self-defense theory. *See Lewis v. Russell*, 42 F. App'x. 809, 810-11 (6th Cir. 2002)(counsel's decision not to request jury instruction on lesser-included offense of voluntary manslaughter in murder trial constituted reasonable strategic decision consistent with goal to obtain a full acquittal based on self-defense and did not constitute deficient performance). Trial counsel may have reasonably concluded that asking the jury to compromise on the lesser offense of voluntary manslaughter would undermine the defense of

self-defense. *See Midgyett v. Jackson*, 542 F. Supp. 3d 665, 672 (E.D. Mich. 2021).

Lastly, as the Michigan Court of Appeals noted in its decision, counsel was not ineffective in failing to request an instruction on the lesser offense of voluntary manslaughter because there was no evidence that supported a heat-of-passion manslaughter defense theory. *Midgyett v. Jackson*, 542 F. Supp. 3d at 672. Moreover, the Michigan Supreme Court has gotten rid of the defense of imperfect self-defense, which had been used to mitigate a murder charge down to manslaughter, thus, petitioner would not have even been entitled to a manslaughter instruction on a theory of imperfect self-defense. *Id.* (citing to *People v. Reese*, 491 Mich. 127, 150, 815 N.W.2d 85, 98 (2012).

In light of the foregoing, petitioner failed to show that trial counsel was ineffective for failing to request an instruction on the lesser offense of voluntary manslaughter.

**B. Claim # 2. The sentencing claim.**

Petitioner next claims that the judge improperly considered an extortion charge that petitioner had been charged with in this case but acquitted by the jury in imposing sentence. Petitioner claims that the judge

- 8 -

made comments like "you're a menace to society… you're a monster… I can't believe you were acquitted on that charge [extortion]."

A review of the sentencing transcript shows that the judge did not make the comments petitioner complains of nor did the judge indicate that she was going to use the fact that petitioner had been acquitted of extortion in fashioning his sentence. (ECF No. 9-8).  Nor did the judge mention the extortion charge at a re-sentencing hearing, where she actually reduced the minimum sentence on the second-degree murder conviction from 920 to 720 months. (ECF No. 9-9).  Petitioner's unsupported claim that the trial court used acquitted conduct to fashion his sentence is an insufficient basis for habeas relief. *See Walker v. Warden Winn Correctional Center,* 191 F. App'x. 328, 330 (5th Cir. 2006).

In any event, a sentencing court may properly consider conduct of which a defendant has been acquitted, so long as the conduct has been proven by a preponderance of the evidence. *United States v. Watts*, 519 U.S. 148, 157 (1997); *United States v. White*, 551 F.3d 381, 383-84 (6th Cir. 2008); *Erdman v. Tessmer,* 69 F. Supp. 2d 955, 963 (E.D. Mich. 1999).   Petitioner is not entitled to relief on his second claim.

### C. Claim # 3.  The instructional error claim.

Petitioner finally argues that the trial court judge erred in giving the jury a preliminary jury instruction on self-defense at the start of the trial. Petitioner alleges that his trial strategy was to wait until the conclusion of the prosecution's case-in-chief before choosing a defense theory. Petitioner argues that the judge's *sua sponte* decision to instruct the jury on self-defense forced him to abandon this strategy and present evidence of self-defense, to the exclusion of other defenses. Petitioner contends that had the judge not given this initial instruction, he would have presented a defense consistent with his statement to the police, namely, that he did not shoot the victim.

The Michigan Court of Appeals rejected the claim, finding that petitioner  waived his argument on appeal by expressing satisfaction with the jury instructions as given and by failing to object. The Michigan Court of Appeals ruled that defense counsel's express approval of the jury instructions extinguished any error. *People v. Daniels*, 2020 WL 969143, at * 5.

Waiver is an "'intentional relinquishment of a known right.'" *United States v. Olano*, 507 U.S. 725, 733 (1993)(quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)).  A criminal defendant who has waived his or her

rights "may not then seek appellate review of claimed deprivation of those rights, for his waiver has extinguished any error." *United States v. Griffin*, 84 F.3d 912, 924 (7th Cir. 1996)(citing *Olano*, 507 U.S. at 733-34). *See also Shahideh v. McKee*, 488 F. App'x. 963, 965 (6th Cir. 2012)("waiver is a recognized, independent and adequate state law ground for refusing to review alleged trial errors").  "When one knowingly waives his charged error, that challenge is forever foreclosed, and cannot be resurrected on appeal." *Morgan v. Lafler*, 452 F. App'x. 637, 646, n. 3 (6th Cir. 2011)(citing *United States v. Saucedo*, 226 F.3d 782, 787 (6th Cir. 2000)).

The Michigan Court of Appeals concluded that petitioner waived the issue because defense counsel did not object to the instructions and actually expressly approved the instructions as given.  A defendant in a criminal case cannot complain of error which he or she has invited. *Shields v. United States*, 273 U.S. 583, 586 (1927).  When a petitioner invites an error in the trial court, he or she is precluded from seeking habeas corpus relief for that error. *See Fields v. Bagley,* 275 F. 3d 478, 486 (6th Cir. 2001).

Assuming the claim is not waived, petitioner failed to provide any "legal authority to support his argument that the trial court's preliminary instructions bound him to a single theory of defense consistent with those

- 11 -

instructions." *Daniels*, 2020 WL 969143, at * 6. Michigan law actually permits a defendant in a criminal matter to advance inconsistent claims and defenses. *People v. Cross*, 187 Mich. App. 204, 205-06, 466 N.W.2d 368, 369 (Mich. Ct. App. 1991). The mere fact that the jury was given an instruction on self-defense at the outset of trial did not prevent petitioner from arguing that he was not the shooter.

Finally, the fact that the judge *sua sponte* instructed the jury on the affirmative defense of self-defense, even if the instruction was not requested by petitioner, would not entitle him to habeas relief in the absence of any Supreme Court caselaw that prohibits a trial judge from doing so. *See Kaske v. Jones*, No. 05-CV-72675, 2007 WL 1192194, at * 7–8 (E.D. Mich. Apr. 19, 2007). Petitioner is not entitled to relief on his third claim.

## IV. Conclusion

The Court will deny the petition for a writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been

resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he failed to make a substantial showing of the denial of a federal constitutional right. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).  The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

## V. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DENIED WITH PREJUDICE**.

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED**.

- 13 -

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to

appeal *in forma pauperis.*

Dated:  July 20, 2023

s/George Caram Steeh
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 20, 2023, by electronic and/or ordinary mail and also on
Tyirraince Lavell Daniels #588774, St. Louis Correctional
Facility, 8585 N. Croswell Road, St. Louis, MI 48880.

s/Mike Lang
Deputy Clerk